**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**JAMES R. GONZALEZ, JR.,**

      **Plaintiff,**            **CIVIL ACTION NO. 07-CV-13921**

  **VS.**                     **DISTRICT JUDGE GEORGE CARAM STEEH**

**OHIO CASUALTY,**         **MAGISTRATE JUDGE MONA K. MAJZOUB**
**INSURANCE CO.,**

      **Defendant.**

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL DISCOVERY (DOCKET NOS. 11, 13) AND STRIKING
DEFENDANT'S REPLY TO PLAINTIFF'S SUPPLEMENTAL MOTION TO COMPEL
(DOCKET NO. 21)**

      This matter comes before the Court on Plaintiff's Motion to Compel Discovery Pursuant to F.R.Civ.P. (sic) 37 filed on February 11, 2008 and Exhibits filed February 19, 2008. (Docket nos. 11, 13). Defendant filed an Answer to Plaintiff's Motion to Compel Discovery on February 28, 2008. (Docket no. 16). Plaintiff filed a Supplement to Plaintiff's Motion to Compel Discovery Pursuant to F.R.Civ.P. 37 Brief in Support on March 10, 2008[1]. (Docket no. 19). Defendant filed a Reply to Plaintiff's Supplemental Motion to Compel Discovery on March 13, 2008[2]. (Docket no.

---

[1] Plaintiff does not have leave of Court to file a "supplement," however, Plaintiff could have filed a "reply" on or before March 12, 2008. E.D.Mich. LR 7.1(d)(2)(C). To the extent that it does not raise new issues, Plaintiff's supplement is treated as a Reply. Plaintiff did not ask for costs in his original Motion to Compel but asks for costs in the Reply. Plaintiff's request for costs is denied at this time.

[2] Defendant did not obtain leave of Court to file a Reply to Plaintiff's Supplemental Motion to Compel Discovery. (Docket no. 21). There is no provision in the Federal Rules of Civil Procedure or the Local Rules allowing Defendant to file a Reply to a Reply or otherwise supplement its Response without leave of Court. The Court will strike this document from the record.

21). The matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 10). The Court heard oral argument from the parties on March 17, 2008. The matter is now ready for ruling.

Plaintiff shows that he served his First Set of Discovery Requests Including Interrogatories and Requests for Production of Documents on November 14, 2007. (Docket no. 11, 13-2). This set of discovery requests consisted of ten Interrogatories and eleven Requests to Produce. (Docket no. 13-2). Plaintiff's counsel sent a letter to Defendant's counsel on January 2, 2008 noting that Defendant's responses were overdue and asking Defendant to promptly serve the responses or provide a specific date on which they would be forthcoming. (Docket no. 19-2). Plaintiff's counsel sent another letter to Defendant's counsel on January 15, 2008 noting that he had not received a response to his prior letter or documents or answers in response to the Discovery Requests and advising that he would be filing a motion to compel. (Docket no. 19-3). Plaintiff's counsel also contacted Defendant's counsel via telephone prior to filing the Motion to Compel. (Docket no. 11 ¶ 3). Plaintiff filed his Motion to Compel on February 11, 2008. (Docket no. 11). Plaintiff states that it sought Defendant's concurrence in this Motion pursuant to LR 7.1 and Defendant did not concur. (Docket no. 11 ¶ 4).

In his Motion to Compel, Plaintiff stated that no responses to the discovery requests had been received and asked the Court to order Defendant to fully and completely answer Plaintiff's Interrogatories and produce all documents sought by Plaintiff's first document production request. In the Joint Statement of Resolved and Unresolved Issues Defendant objects to providing "any documents from its claim file that were (1) prepared in anticipation of litigation (sic); (2) are protected by the attorney/client privlege (sic); or (3) are attorney work product." (Docket no. 17).

Plaintiff contends that Defendant has waived any objections to its discovery requests by failing to timely file objections.

Pursuant to Fed. R. Civ. P. 33 and 34, Defendant's responses to Plaintiff's Interrogatories and Requests to Produce were due within 30 days after service of the discovery request. Defendant does not dispute that he did not timely respond. "As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 'constitutes a waiver of any objections.'" *See Carfagno v. Jackson National Life Ins.*, 2001 U.S. Dist. LEXIS 1768 *3 (W.D. Mich. Feb. 13, 2001) (no exception for work product and attorney-client material under the waiver); *see also* Fed. R. Civ. P. 33(b)(4); *Phillips v. Dallas Carriers Corp.*, 133 F.R.D. 475, 477 (M.D.N.C. 1990) (Rule 34 waiver). Courts will examine the circumstances of each case to determine whether enforcement of the waiver is equitable, including the reason for tardy compliance, prejudice to the opposing party and the facial propriety of the discovery requests. *See Carfagno*, 2001 U.S. Dist. LEXIS 1768 at *5-6.

As an initial matter, the Court will examine whether Plaintiff's discovery requests are relevant and proper. Plaintiff's eleven Requests to Produce seek documents including underwriting and claims files relating to the insurance policy at issue; documents relating to notification of the claim and/or December 31, 2004 incident underlying this action; documents relating to policies of insurance issued to the insured in the underlying action, including lapses in policy; and documents referring or relating to Defendant's affirmative defenses. (Docket no. 13-2). Plaintiff's ten Interrogatories seek identifying information about persons who assisted in responding to the discovery requests, persons who had "any role whatsoever" in handling the underlying claim, and statements of all facts supporting Defendant's affirmative defenses. (Docket no. 13-2). Plaintiff

seeks to assert all claims the policy holder/insured had as a result of the subject insurance policy and underlying incident. Therefore, inquiry into these matters is relevant under Rule 26(b). The Court finds that Plaintiff's discovery requests at issue are proper and relevant to the claims and defenses of the parties. Fed. R. Civ. P. 26(b).

Next, Defendant's responses to Plaintiff's Discovery Requests were untimely. The Court notes that Defendant neither timely responded nor timely objected to the requests and interrogatories. Timely objections are objections made within 30 days after the service of the requests or interrogatories. Fed. R. Civ. P. 33(b)(3), 34(b). Defendant finally provided unsigned answers to the Discovery Responses during the week prior to the hearing and provided signed answers to the Discovery Requests on the morning of the hearing, three months after they were due[3]. Defendant states that its delay was due to the relevant file being closed and put in storage. Defendant asserts that the file contained nearly 2000 pages of documents. However, at the hearing Defendant's attorney testified that he had access to the file in January 2008. There is no indication from either party that Defendant explained this issue to Plaintiff, requested an extension of time in which to respond or otherwise attempted to resolve this issue without Court action. As of the date of the hearing, Defendant had not provided a privilege log or other description of the documents it claims are privileged as required under Fed. R. Civ. P. 26(b)(5). Defendant has not shown good cause why the Court should relieve Defendant of the consequences of its waiver. Finally, Defendant has not shown how it will be prejudiced by waiving its objections. Defendant has not provided the Court or Plaintiff with adequate information with which to assess the applicability of Defendant's untimely objections to the allegedly privileged documents and any potential prejudice which would

---

[3]Plaintiff's Motion to Compel as to Answers to Interrogatories is therefore moot.

arise from waiving the objections. Fed. R. Civ. P. 26(b)(5): *see also Carfagno,* 2001 U.S. Dist. LEXIS 1768 *7-8 ("failure to provide the court with information of sufficient specificity to permit the court to determine whether the privilege asserted applies . . . provides an independent ground for finding a waiver of any privilege or immunity"). Defendant's counsel testified at the hearing that the claim file at issue contains between fifty and one hundred documents that are subject to the attorney-client privilege or are attorney work product. He alleges that these are mainly email communications regarding the underlying action from the time it was pending. To the extent Defendant was concerned with the alleged privileged nature of this material, Defendant could have served timely objections, including a privilege log, agreed in writing with Plaintiff for an extension of time in which to respond, or moved the Court for an extension. Fed. R. Civ. P. 26(b)(5), 29. Defendant has failed to show how it will be prejudiced by waiving its objections.

The Court finds that Defendant waived its objections to production of the documents requested by Plaintiff's First Set of Discovery Requests Including Interrogatories and Requests for Production of Documents. The Court will grant Plaintiff's Motion to Compel and will give Defendant until April 9, 2008 to fully respond waiving all objections in light of the ample time Defendant has had to gather the requested documents. The Court will decline to award sanctions and expenses at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery (docket nos. 11, 19) is **GRANTED** to the extent that Defendant must serve full and complete responses and responsive documents without objections to Plaintiff's First Set of Discovery Requests Dated November 14, 2007 by 5:00 p.m. on Wednesday, April 9, 2008.

**IT IS FURTHER ORDERED** that Defendant's Reply to Plaintiff's Supplemental Motion to Compel Discovery (docket no. 21) filed March 13, 2008 is stricken from the record for the reasons set forth herein, and this Order shall be placed on the docket, and the docket edited to show that the document has been **STRICKEN** and deemed not a part of the record in this case.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 25, 2008  s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: March 25, 2008  s/ Lisa C. Bartlett
Courtroom Deputy