**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JAMES R. GONZALEZ, JR.,**

      **Plaintiff,**          **CIVIL ACTION NO. 07-CV-13921**

  **VS.**                      **DISTRICT JUDGE GEORGE CARAM STEEH**

**OHIO CASUALTY,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**INSURANCE CO.,**

      **Defendant.**

_____/

**OPINION AND ORDER DENYING DEFENDANT'S**
**MOTION TO COMPEL PRODUCTION OF RELEASES PURSUANT TO RULE 37 OF**
**THE FEDERAL RULES OF CIVIL PROCEDURE (DOCKET NO. 23)**

This matter comes before the Court on Defendant's Motion to Compel Production of Releases Pursuant to Rule 37 of the Federal Rules of Civil Procedure filed on May 28, 2008. (Docket no. 23). Plaintiff filed a Response to Defendant's Motion on June 11, 2008. (Docket no. 26). On June 25, 2008 the parties filed a Joint Statement of Resolved and Unresolved Issues Re: Defendant's Motion to Compel Production of Releases. (Docket no. 29). The matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 12). The Court disposes with oral argument on this Motion. E.D. Mich. LR 7.1(e). (Docket no. 24).

**Background**

Plaintiff was injured as a result of actions by employees of Backer Landscaping, Inc. On August 17, 2007 judgment was entered against Backer Landscaping and one of its employees in Macomb County Circuit Court in the net amount of $1,775,000.00. (Docket no. 26-2). Plaintiff alleges that Defendant provided a commercial general liability insurance policy to Backer Landscaping and refused to defend or indemnify Backer Landscaping in the Macomb County action.

(Docket no. 1). As part of the Macomb County judgment, Backer Landscaping transferred and assigned to Plaintiff all of its rights and causes of action against Defendant. Plaintiff brought this action alleging breach of insurance contract and bad faith and unfair trade practices and seeking garnishment of the policy pursuant to M.C.L. § 600.4011. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendant moves to compel the production of releases which Plaintiff executed in the underlying Macomb County action. (Docket no. 23).

**Analysis**

Defendant's Request For Production No. 6 asked Plaintiff to "Please attach a copy of the Settlement Agreement between Backer Landscaping and you."[1] (Docket no. 26 ¶ 2). Plaintiff alleges that he responded, "See judgment, enclosed. There was 'no settlement agreement.' There were releases signed by James R. Gonzalez, Jr. in favor or American States Insurance Company and Burlington Insurance Company, but these contain a confidentiality clause. Therefore, Plaintiff objects to producing these documents." ( Docket no 26). Plaintiff argues that it mentioned the releases in the spirit of full discovery disclosure, even though "technically" there is no "settlement agreement." (Docket no. 26). Plaintiff produced the consent judgment in the underlying action. (Docket no. 26-2).

Discovery closed on May 15, 2008. (Docket no. 10). Defendant did not file its Motion to Compel until May 28, 2008. (Docket no. 23). The Court is prepared to deny Defendant's Motion

---

[1] E.D.Mich. LR 37.2 requires that "[a]ny discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." E.D.Mich. LR 37.2. Defendant did neither. It was Plaintiff who included a verbatim recitation of Defendant's Request and Plaintiff's Response to the Request in his Response Brief.

to Compel on this ground, but prefers to discuss the merits of Defendant's Motion. Defendant appears to allege in its Motion that the releases are encompassed in its request for the settlement agreement between Backer Landscaping, Inc. and the Plaintiff in the underlying action. (Docket no. 23). Defendant provided no legal analysis in support of this conclusion other than generally citing Fed. R. Civ. P. 37. E.D.Mich. LR 7.1.

Defendant argues that the releases are relevant to determining whether the underlying settlement was legitimate or a sham, because the consent judgment in the underlying case was far greater than the case evaluation award of $100,000. (Docket no. 23). Defendant further argues that there is questionable language in the judgment which indicates that the case is subject to being reopened for purposes of entering an order to set aside the consent judgment and dismiss the action. Plaintiff argues that the releases are confidential, they are not relevant to the issue of whether the settlement was legitimate, and the reasonableness of the settlement could have been determined through depositions. (Docket no. 26). The Court need not reach these arguments because Defendant has not shown that it specifically requested the releases in compliance with the Federal Rules of Civil Procedure in a manner to which the Court can properly compel a response pursuant to Fed. R. Civ. P. 37.

A consent judgment is defined as a "settlement that becomes a court judgment when the judge sanctions it." BLACK'S LAW DICTIONARY 846 (7th ed. 1999). In response to Defendant's Request to Produce, Plaintiff properly produced the consent judgment which is the settlement agreement between Plaintiff and Backer Landscaping. (Docket no. 26-2). "In the Sixth Circuit, consent judgments are considered to be contracts susceptible to the general principles of contract interpretation." *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris, Inc.*, 35 F. Supp. 2d

3

582 (N.D. Ohio 1999). "As a contract, a consent decree reflects an agreement negotiated by parties who each have a purpose. As a judicial decree, a consent judgment gives '[j]udicial approval of a settlement agreement [and] places the power and prestige of the court behind the compromise struck by the parties.'" *Id* at 593 (citations omitted). The Court finds that Plaintiff produced the document responsive to Defendant's Request. Further, from the pleadings before the Court, the Court cannot find that a request for the releases is encompassed in Defendant's request for the settlement agreement, especially in light of the specific identification of the parties. Defendant did not make a discovery request describing with particularity the releases between Plaintiff and American States Insurance Company and Burlington Insurance Company as required by Fed. R. Civ. P. 34.

Defendant also alleges that, following a May 22, 2008 deposition, it requested that Plaintiff produce the releases. (Docket no. 23). It appears that this request was made verbally to Plaintiff's counsel. The verbal request following the May 22, 2008 deposition occurred after the close of discovery and Defendant provides no legal authority for its premise that the Court may compel a response to a verbal request for documents. No such authority exists under Fed. R. Civ. P. 30 or 37.

For the reasons set forth above, the Court will deny Defendant's Motion to Compel Production of Releases.

**IT IS ORDERED** that Defendant's Motion to Compel Production of Releases Pursuant to Rule 37 of the Federal Rules of Civil Procedure (docket no. 23) is DENIED.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: August 13, 2008          s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: August 13, 2008           s/ Lisa C. Bartlett
                                 Courtroom Deputy