UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES R. GONZALEZ, JR.,

        Plaintiff,

vs.

        Case No. 07-CV-13921
        HON. GEORGE CARAM STEEH

THE OHIO CASUALTY INS. CO.,

        Defendant.

_____/

ORDER STRIKING DEFENDANT'S FOUR MOTIONS FOR SUMMARY JUDGMENT
(#34, #36, #37, #38) ON FAILURE TO SHOW CAUSE (# 39)
AND GRANTING DEFENDANT THROUGH SEPTEMBER 29, 2008
TO FILE A SINGLE MOTION FOR SUMMARY JUDGMENT

Defendant Ohio Casualty Insurance Company (OCIC) was ordered on September 4, 2008 to show cause by September 15, 2008 why its four concurrent August 29, 2008 motions for summary judgment should not be struck, and OCIC ordered to file a single motion for summary judgment not exceeding 30 pages. OCIC filed a timely response to the show cause order on September 10, 2008.

As recognized by OCIC, this court enjoys inherent authority to control its docket in promoting economies of time and effort for the court, the parties, and the parties' counsel. Landis v. North American Co., 299 U.S. 248, 254 (1936). See also Fed. R. Civ. P. 1. OCIC's four motions, totaling 65 pages, contain identical lengthy footnotes, and repetitive and substantially verbatim background and argument. OCIC's argument that the four motions were filed to simply the complex issues in this matter is unpersuasive. The issues presented by OCIC on summary judgment are whether a state court consent judgment is enforceable against OCIC, whether the $1.7 million consent judgment exceeds a $1.0 million OCIC policy limit, and whether OCIC's maximum exposure is $500,000.00 as an

excess insurer. The multiple motions do not simplify a presentation of the issues. The fact that any one issue may be dispositive does not warrant separate motions addressing each issue. Issues may be "decided alone, one and then another," without four separate motions for summary judgment. OCIC's assertion that the separate motions "relieve[] the parties of the burden of having to discuss all possible outcomes in the case" is at best puzzling. Filing four separate motions does not relieve plaintiff Gonzales from coming forward with evidence to oppose all of the arguments advanced by OCIC on summary judgment. The court has not benefitted by the multiple filings, and the court is not persuaded plaintiff's Counsel has realized a benefit. Plaintiff would be unduly burdened if required to file four separate response briefs. OCIC's alternative suggestion that plaintiff should be permitted to file a single 30-page response brief is not well taken.

In the interest of promoting the economies of time and effort for the court, the parties, and the parties' counsel, and on OCIC's failure to show cause,

IT IS ORDERED that OCIC's four concurrent August 29, 2008 motions for summary judgment (#34, #36, #37, #38) are hereby STRICKEN. OCIC is hereby ORDERED to file a single motion for summary judgment not exceeding 30 pages nor exceeding 10 footnotes, and otherwise in compliance with the Local Rules, on or before September 29, 2008. Plaintiff's response brief shall not exceed 30 pages, and shall be due for filing as required by the Local Rules following OCIC's filing of its motion for summary judgment.

SO ORDERED.

Dated: September 17, 2008

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 17, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk